IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALLAN D. SCHUBERT, #30850-064**                                           **PLAINTIFF**

**v.**                            **CIVIL NO. 3:22-cv-00321-HTW-LGI**

**KRYSTAL AVERY, correctional officer**                      **DEFENDANT**

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion [27] to Dismiss. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [27] to Dismiss be granted and Plaintiff's claims against Defendant Avery be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff Allan D. Schubert ("Plaintiff") is a post-conviction inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Welch, West Virginia. Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this suit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See* Compl. [1]; Orders [3],[8]. The named Defendant is Krystal Avery, a correctional officer at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi.

Plaintiff complains about the conditions of his prior confinement at FCC-Yazoo City. In an effort to discern Plaintiff's claims, the Court entered an Order directing Plaintiff to respond by detailing his claims with specificity, in accordance with the

Court's Order. *See* Order [9]. Plaintiff's claims presented in his Complaint [1] and Response [10] are detailed below.

Plaintiff alleges that on June 3, 2022, Defendant Avery performed a search of his prison cell and confiscated his mattress, blankets, and sheets as "punishment" for "utilizing his mattress for exercising." Compl. [1] at 4. Plaintiff alleges that Defendant Avery dragged these items through "soap scum and shower drainage." *Id.* at 5. Plaintiff complains that he was without these items for approximately 24 hours. Resp. [10] at 1. Plaintiff states that he "never received any disciplinary action nor a shakedown/confiscation of contraband receipt" as required by BOP policy. *Id.*

Plaintiff claims that the seizure of his mattress as punishment "without any notice or opportunity to be heard" violates his constitutional due process rights. Compl. [1] at 5. Plaintiff further claims that he suffered cruel and unusual punishment under the Eighth Amendment because he was "forced" "to sleep on reinforced steel with no blankets or mattress" "causing him unnecessary pain and suffering in his shoulders and back." *Id.* Plaintiff also claims that Defendant Avery's actions "violated" "her oath of office" *id.* at 6, and her failure to "follow standard procedures" is "evidence" of her "malicious intent" and "deliberate indifference" to his constitutional rights. Resp. [10] at 2. As relief, Plaintiff seeks monetary damages.

On May 26, 2023, Defendant filed a Motion to Dismiss under Fed. R. Civ. P 12(b)(1) and 12(b)(6) arguing Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. In her Motion [27], Defendant also states, "Not only did Schubert fail to exhaust his administrative remedies, but

such claims also present a new context under *Bivens* and should be precluded." Mot. [27] at 3.

In support of her Motion, Defendant filed a declaration of Michael FiggsGanter, an Attorney Advisor for the BOP at the prison complex in Yazoo City. [27-1]. Attached to this declaration are the BOP records pertaining to administrative appeals filed by Plaintiff during his incarceration. *Id*.

Plaintiff did not file a response to the Motion to Dismiss, and the time for doing so has expired.

## II. DISCUSSION

Because the Court relies on the declaration and records submitted, the Court converts Defendant's Motion [27] to a motion for summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) (finding district court correctly converted motion to dismiss to a motion for summary judgment, citing Rule 12(d) which provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").

A.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party. *Dillon*, 596 F.3d at 266. The Court must also "refrain from making credibility determinations or weighing the evidence."

*Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citation omitted).

Summary judgment is routinely utilized to decide if pre-filing exhaustion is completed by prisoners in conditions-of-confinement cases. *See, e.g.*, *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (finding "there is no genuine issue of material fact as to whether Wilson exhausted his administrative remedies, and summary judgment was appropriate"). If defendants meet their "initial summary judgment burden of showing that there [is] no genuine issue of material fact regarding exhaustion" and the prisoner-plaintiff "fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion, the district court [is] required to dismiss his claims." *Jackson v. Hall*, 763 F. App'x 376, 376-77 (5th Cir. 2019) (affirming summary judgment dismissal for failure to exhaust administrative remedies, noting that district court did not err by ruling on prisoner's claims in the context of summary judgment without allowing discovery or conducting an evidentiary hearing).

B.  The PLRA's Exhaustion Requirement

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement extends to *Bivens* suits filed by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 359 (5th Cir. 2014). It is well-established that a prisoner must properly complete the exhaustion of available administrative remedies prior to filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory").

4

Exhaustion under the PLRA is an affirmative defense, and the burden is on the Defendant to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet her burden, Defendant "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson*, 776 F.3d at 299 (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules– rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts*, 877 F.3d at 582 (quoting *Jones*, 549 U.S. at 218); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."). A prisoner's grievance must be sufficiently specific to provide officials with "a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

The exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Even if the relief a prisoner-plaintiff seeks cannot be granted by the administrative remedy process, he must complete the process before filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding "Congress mandated exhaustion" by passage of the PLRA "regardless of the relief offered through administrative procedures"); *Lewis v. Doe, I*, 840 F. App'x 784, 785 (5th Cir. 2021) (finding exhaustion was not excused because prison

5

administrative remedy program could not award the requested relief of monetary damages to Plaintiff).

C.     BOP's Administrative Remedy Program

The Bureau's Administrative Remedy Program is set forth in 28 C.F.R. §§ 542.10-541.19. Following an unsuccessful attempt at "informal resolution," the first step in the formal administrative process requires an inmate to file a Request for Administrative Remedy (BP-9 form) at the institutional level. 28 C.F.R. § 542.14. Following which, if relief is denied, an appeal is taken by filing a BP-10 form with the appropriate BOP Regional Director; and if that appeal to the Regional Director is denied, the inmate may appeal to the BOP General Counsel by submitting a BP-11 form to the Central Office Appeals. 28 C.F.R. § 542.15. Time limits apply on each step in the review.

When the inmate's appeal (BP-11 form) to the General Counsel is granted or denied, the process is complete. *See* 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal."). Administrative remedies are deemed exhausted only after the final level of this process is complete.

D.     Plaintiff's Filings with the Administrative Remedy Program

Defendant states that the BOP "maintains a computerized database of all administrative appeals filed by its prisoners." Mem. in Supp. [28] at 1 (citing 28 C.F.R. § 542.19). In support, Defendant submits a declaration from Michael FiggsGanter, an Attorney Advisor for the BOP at the prison complex in Yazoo City. [27-1]. FiggsGanter reviewed the Bureau's "SENTRY system records" and discovered

6

Plaintiff submitted a total of ten administrative remedies during his incarceration. *Id.* at 3. He explains that the disposition of each administrative remedy is evidenced by an entry on the inmate's Administrative Remedy Generalized Retrieval form. *Id.* at 2. Attached to FiggsGanter's declaration are copies of Plaintiff's forms for all ten of his submissions to the administrative remedy program ("ARP"). *Id.* at 8-12.

The ARP records demonstrate that on January 25, 2018, Plaintiff submitted an administrative remedy requesting a copy of an Illinois state statute, assigned remedy identification number of 928821. *Id.* at 8. A total of four of the submissions concern this remedy identification number with the last submission occurring on July 2, 2018. *Id.* at 8-9.[1]

The records further reflect that Plaintiff's remaining six administrative remedy submissions were received after the filing of this Complaint [1] on June 13, 2022. *Id.* at 10-12. These submissions are dated September 28, 2022 (Remedy ID 1136499), October 4, 2022 (Remedy ID 1136092-F1), November 18, 2022 (Remedy ID 1141967), January 3, 2023 (Remedy ID 1136092-R1), and two on January 18, 2023 (Remedy ID 1151532 and Remedy ID 1151536). *Id.* After a review of the BOP records, FiggsGanter concludes that Plaintiff "has failed to file any administrative remedies related to the specific allegations asserted in his complaint." *Id.* at 3.

E.   Arguments of the Parties

Defendant maintains that Plaintiff failed to pursue or complete the ARP process for the claims presented in his Complaint [1]. For these reasons, Defendant

---

[1] FiggsGanter explains that "[e]ach administrative appeal retains the same administrative remedy identification number throughout the review process despite the level of review." [27-1] at 2.

7

argues she is entitled to dismissal of this case for Plaintiff's failure to exhaust his available administrative remedies. Defendant also asserts that Plaintiff's claims present a new context under *Bivens* and should be precluded. As stated above, Plaintiff did not file a response to the Motion to Dismiss, and the time for doing so has expired.

F.   Analysis

After review of Plaintiff's ARP records, it is clear that Plaintiff did not complete the BOP's administrative remedy process for the claims he presents in this civil action before filing his Complaint [1]. Four of Plaintiff's ten submissions to the administrative remedy program pre-date the purported seizure of Plaintiff's mattress and other items on June 3, 2022. [27-1] at 8–9. Clearly, the unrelated remedies identified with file dates in 2018 fail to demonstrate exhaustion of a claim occurring in June of 2022.

Plaintiff's remaining submissions to the administrative remedy process post-date the filing of this Complaint on June 13, 2022. [27-1] at 10–12. "Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending." *Wheater*, 719 F. App'x at 369 (citing *Gonzalez*, 702 F.3d at 788). A "later grievance[] . . . pursued to conclusion do[es] not establish that the exhaustion requirement was satisfied before filing suit" as required by the PLRA. *Boyd v. Cullom*, No. 20-60327, 2022 WL 1115139, at *1 (5th Cir. Apr. 14, 2022) (affirming summary judgment dismissing prisoner's § 1983 complaint for failure to exhaust). Plaintiff's remaining submissions to the administrative remedy program, dating from

8

September 28, 2022, to January 18, 2023, clearly fail to satisfy the *pre*-filing exhaustion requirement of the PLRA.[2]

Lastly, the undersigned declines to address Defendant's alternative argument seeking dismissal of this action as an unwarranted expansion of the *Bivens* remedy because "[t]he [PLRA exhaustion] provision is mandatory, and courts have zero discretion to hear unexhausted claims." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020) (citing *Jones*, 549 U.S. at 199); *see also Dillon*, 596 F.3d at 272 ("[E]xhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."). In conclusion, "[p]re-filing exhaustion is mandatory, and [this] case must be dismissed if available administrative remedies [are] not exhausted." *Gonzalez*, 702 F.3d at 788. Because Plaintiff failed to exhaust his available administrative remedies prior to filing this case, dismissal is required.

### III. RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendant's Motion [27] to Dismiss, converted to a motion for summary judgment, be GRANTED;

2. This action be dismissed WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

3. A final judgment be entered as the adoption of this Report and Recommendation will dispose of all the claims against the Defendant.

---

[2] Since all of Plaintiff's administrative grievances pre-date the alleged incident or post-date the filing of his Complaint [1], it is not necessary to address if Plaintiff's grievances were pursued to conclusion or provide adequate notice to Defendant of the claims presented in this civil action.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 26th day of June, 2023.

                                s/ *LaKeysha Greer Isaac*
                                UNITED STATES MAGISTRATE JUDGE